UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHEN RANKIN<br>5247 13th St. SW, Apt. 101<br>Canton, OH 44710<br><br>*On behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>INCEPT CORPORATION<br>c/o Statutory Agent Salvatore L. Falletta<br>2189 E. Park Drive<br>Uniontown, OH 44685<br><br>and<br><br>SAM FALLETTA<br>4150 Belden Village St. NW, # 205<br>Canton, OH 44718<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Stephen Rankin, on behalf of himself and all others similarly situated, by and through counsel, respectfully files this Class and Collective Action Complaint, and states and alleges the following:

## INTRODUCTION

1. Plaintiff Stephen Rankin brings this case to challenge policies and practices of Defendants Incept Corporation and Sam Falletta (hereinafter collectively referred to as "Incept Corporation" or "Defendants") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover

the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this judicial district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Stephen Rankin was a citizen of the United States and a resident of Stark County, Ohio.

6. Defendant Incept Corporation is an Ohio for-profit corporation with its principal place of business in Stark County, Ohio.[1] According to records maintained by the Ohio Secretary of State, Defendant Incept Corporation's statutory agent for service of process is Salvatore L. Falletta, 2189 E. Park Drive, Uniontown, OH 44685.[2]

---

[1] https://www.inceptresults.com/lets-talk (accessed Feb. 24, 2020).
[2] *See id*.; https://businesssearch.ohiosos.gov/?=businessDetails/869543 (accessed Feb. 24, 2020).

7.  Upon information and belief, Defendant Sam Falletta resides in Stark County, Ohio. Defendant Sam Falletta is CEO [3] and president [4] and sole owner [5] of Defendant Incept Corporation. Defendant Sam Falletta is sued in his individual capacity.

## FACTUAL ALLEGATIONS

### Defendants' Business

8.  Defendants operate a telemarketing company that "offers marketing services through outbound and inbound conversations, emails, live chat, social media, direct mails. Incept serves customers in the United States." [6]

### Defendants' Status as Employers

9.  At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff.

10. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

13. At all times relevant, Defendant Sam Falletta was an employer pursuant to 29 U.S.C. § 203(d) in that Defendant Falletta was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Incept Corporation, "in relation to employees," including

---

[3] https://www.inceptresults.com/our-team (accessed Feb. 21, 2020).
[4] https://www.inceptresults.com/news/2016/10/26/sam-falletta-appointed-president-ceo-of-incept (accessed Feb. 21, 2020).
[5] https://www.inceptresults.com/news/2016/4/18/incept-ceo-moves-from-minority-partner-to-sole-owner (accessed Feb. 24, 2020).
[6] https://www.bloomberg.com/profile/company/0541068D:US (accessed Feb. 21, 2020).

Plaintiff. Defendant Sam Falletta had operational control over significant aspects of Incept Corporation's day-to-day functions, including compensation of employees including Plaintiff. Defendant Sam Falletta was also an employer pursuant to O.R.C. §§ 4111.01, *et seq.*, and Ohio Constitution Art. II, Sec. 34a.

**Plaintiff's, the FLSA Collective's, and Ohio Class's Employment Statuses with Defendants**

14.     Plaintiff Stephen Rankin was employed by Defendants as an hourly employee from approximately June 2018 to October 2019. Plaintiff worked for Defendants as a telemarketer.

15.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

16.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

17.     Plaintiff, the FLSA Collective, and the Ohio Class were classified by Defendants as non-exempt employees and paid on an hourly basis.

**Defendants' Failure to Pay for All Hours, Including Overtime Hours, Worked**

18.     Defendants have employed hundreds of telemarketers and employees with other similar job titles/positions during the relevant period, three years prior to the filing of this Complaint.

19.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40).  29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

4

20. Plaintiff and other members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek. For example, during the workweek including October 21, 2019 to October 25, 2019, Plaintiff's "Web Time Sheet" provides that Plaintiff worked at least 41 hours, comprising of at least 1 hour of overtime.

21. However, while Plaintiff, the FLSA Collective, and Ohio Class frequently worked more than forty (40) hours in a single workweek, Defendants consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all hours worked, including overtime hours. 29 U.S.C. § 207.

22. Defendants' policy and practice is to deny earned wages, including overtime wages, to their non-exempt hourly telemarketers. Specifically, Defendants require these employees to be present and perform work in excess of forty (40) hours per work week, fails to properly and accurately report wages earned and hours worked, fails to properly and accurately calculate overtime compensation, and further fails to pay for all hours worked.

23. All non-exempt hourly telemarketers and employees with similar job titles/positions during the relevant period are similarly situated in that they share common job duties and descriptions and are all subject to Defendants' policy and practice that requires them to perform work, including overtime, without compensation. These non-exempt hourly employees share a common chain of command.

24. Defendants' unlawful pay practices were the result of systematic and company-wide policies originating at the corporate level – hourly telemarketers and employees with similar job titles/positions were under direct instruction and significant pressure from Defendants to perform compensable work that was not paid.

*Defendants' Failure to Pay for Pre-Shift Work and
Work Prior to the End of Each Unpaid Meal Break*

25. The FLSA requires that employees be compensated for "all the time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place". 29 C.F.R. § 785.7 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)).

26. Prior to the beginning of each paid shift and prior to the end of each unpaid meal break Plaintiff and other telemarketers must arrive at their work station and log in and access Defendants' various computer systems, databases, and programs. Plaintiff and other telemarketers are required to log in to Defendants' computer systems, and depend upon Defendants' computer systems, databases, and programs to complete their work throughout the workday. It would be impossible for Plaintiff and other telemarketers to perform their job duties without logging in and accessing Defendants' computer systems, databases, and programs. Defendants failed to include this work performed by Plaintiff and other similarly situated telemarketers as "hours worked" and thus did not pay for this time spent working.

27. The above activities generally take several minutes to complete. Plaintiff and other telemarketers generally spend approximately 7-8 minutes per day performing these activities.

28. The above unpaid but compensable work was required by Defendants, was performed for Defendants' benefit, and constituted part of hourly employees' principal activities and/or was integral and indispensable to their principal activities.

29. Plaintiff and other telemarketers performed this unpaid worked every workday, and it constituted a part of their fixed and regular working time. This unpaid work performed by Plaintiff and other telemarketers was practically ascertainable to Defendants.

6

30. This unlawful policy is spelled out in a written notice posted near the timeclock. The policy applied to Plaintiff and all other similarly situated telemarketers. The policy states:



31. Although Defendants suffered and permitted Plaintiff, the FLSA Collective, and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff, the FLSA Collective, and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff, the FLSA Collective, and Ohio Class were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### *Defendants' Unlawful Time Rounding and Editing Policies*

32. Another way Defendants shortchanged their employees and avoided paying overtime was through an unlawful rounding policy.

33.     Though Plaintiff and other telemarketers are required by Defendants to be at their desk at least five (5) minutes early, Plaintiff and other telemarketers are not paid until their shift starting time.

34.     Though regulations permit an employees' time to be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour[,]" the rounding method can "not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). Rounding practices that have the effect of only benefitting the employer and result in the underpayment of wages to employees are unlawful. *Id.*

35.     Plaintiff and other telemarketers were required by Defendants to actually be at Defendants' premises, reported to work, and clocked in and working at least five (5) minutes prior to their shift starting times. Plaintiff and other telemarketers were reprimanded or otherwise penalized for clocking in late or if they did not "make [their] first call the minute [their] scheduled shift start[ed]." Defendants' rounding policies were both practically non-neutral and resulted in failure to compensate the employees properly for all the time they actually worked. *See* 29 C.F.R. § 785.48(b).

36.     The above rounding policies also caused Defendants to violate the FLSA and Department of Labor regulations by docking compensable hours and pay, and thereby failing to pay for all hours suffered or permitted to work.

***Defendants' Failure to Pay Overtime Compensation at the Lawful "Regular Rate"***

37.     The FLSA and Ohio law required Defendants to pay overtime compensation to their hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all remuneration for employment paid to, or on behalf of, the

8

employee," including non-discretionary bonuses within the meaning of the FLSA. 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.208; O.R.C. § 4111.03(A) (incorporating FLSA standards).

38. Defendants unlawfully excluded non-discretionary bonuses in the form of gift cards that were paid to Plaintiff, the FLSA Collective, and Ohio Class in determining their "regular rates" for the purposes of overtime compensation during weeks when they worked more than forty (40) hours. Defendants thereby miscalculated the regular rate for hourly employees, including Plaintiff and the members of the FLSA Collective and Ohio Class.

39. Defendants' failure to compensate Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### *Defendants' Record-Keeping Violations*

40. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for

9

each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

41. Defendants failed to keep accurate records as required. Thus, Defendants did not properly pay overtime hours in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

42. As a result of Defendants' failure to pay Plaintiff and other hourly telemarketers for all compensable work, rounding policies and miscalculation of the regular rate, Plaintiff, the FLSA Collective, and Ohio Class were denied significant amounts of overtime compensation.

43. Defendants knew that Plaintiff, the FLSA Collective, and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

44. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

47. The FLSA Collective consists of:

All present and former hourly telemarketers and other employees with similar job titles or positions of Defendants during the period of three years preceding the commencement of this action to the present.

48. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

49. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

50. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 500 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly telemarketers and other employees with similar job titles or positions of Defendants during the period of two years preceding the commencement of this action to the present.

53. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 500 persons. The number of class members, as well as their

11

identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

54. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants paid overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek;
>
> Whether Defendants' failure to pay overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek was willful; and
>
> What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendants' violation of O.R.C. §§ 4111.03 and 4111.10.

55. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

56. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

57. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

61. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

62. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

63. Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

64. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

65. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29

13

U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

68. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

69. Defendants' failure to pay all compensable hours worked, including overtime hours, rounding policies and miscalculation of the regular rate violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

70. These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

71. O.R.C. § 4111.10(A) provides that Defendants, having violated O.R.C. 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

14

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff compensatory and punitive damages, prejudgment interest, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
