PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN RANKIN, *etc.*, | ) | CASE NO.  5:20CV0436 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | **JUDGMENT ENTRY APPROVING** |
| | ) | **AGREEMENT OF SETTLEMENT** |
| INCEPT CORPORATION, *et al.*, | ) | **AND RELEASE AND DISMISSING** |
| | ) | **CASE WITH PREJUDICE** |
| Defendants. | ) | [Resolving ECF Nos. 28 and 29] |

Pending is the parties' Joint Motion for Approval of Settlement pursuant to §16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (ECF No. 28).  The parties move the Court to approve, as fair and reasonable, the proposed Agreement of Settlement and Release (ECF No. 28-1), as well as the Notice to Potential Opt-In Plaintiffs (ECF No. 28-3) and Opt-In Consent Form (ECF No. 28-4).  Having reviewed the Joint Motion and exhibits attached thereto, as well as the pleadings and papers on file in this lawsuit, and for good cause shown therein, the Court grants the Joint Motion and enters the within Order and final judgment approving the settlement as follows:

1.  Plaintiff Stephen Rankin's Class and Collective Action (ECF No. 1) asserts wage-and-hour claims for overtime compensation under the FLSA, 29 U.S.C. § 201 *et seq.*, and Ohio Rev. Code § 4111.01 *et seq.* on behalf of himself and Opt-In Plaintiffs who subsequently affirmatively agree to be bound by the settlement by signing and returning the Opt-In Consent Form (ECF No. 28-4).  Defendants Incept Corporation and Sam Falletta have denied any such

(5:20CV0436)

violations.

2.  Opt-In Plaintiffs, who will be covered by the settlement, will include Representative

Plaintiff Stephen Rankin and all other individuals who formerly or currently work for Incept

Corporation under the job title "conversational marketing expert," or their equivalent, at Incept

Corporation's 4150 Belden Village St. NW, #205 location during any workweek from February

25, 2017 to February 25, 2020, who join this action by signing and returning the Opt-In Consent

Form (ECF No. 28-4).

3.  The parties previously stipulated to conditional class certification during the time

period of February 25, 2018 - February 25, 2020 for the limited purpose of settlement and

mediation discussion only.  *See* Stipulation and Order (ECF No. 22).

4.  The mediation conference conducted by Magistrate Judge Kathleen B. Burke resulted

in a global settlement encompassing all issues.  Thereafter, the docket was marked "settled and

dismissed without prejudice."  *See* Order of Dismissal (ECF No. 26).

5.  The Court finds that the proposed settlement is fair, reasonable, and adequate and

satisfies the standard for approval under 29 U.S.C. § 216(b).  *See* *Hill v. Medicare Transport,*

*Inc.*, No. 5:19CV1582, 2019 WL 5425167, at *1 (N.D. Ohio Oct. 22, 2019) (courts should

consider (1) the existence of fraud or collusion behind the settlement, (2) the complexity,

expense, and likely duration of the litigation, (3) the stage of the proceedings and the amount of

discovery completed, (4) the probability of plaintiff's success on the merits, (5) the range of

possible recovery, and (6) the opinions of the counsel in determining whether a proposed FLSA

settlement is fair and reasonable) (Pearson, J.).

2

(5:20CV0436)

6.  The Court approves the Agreement of Settlement and Release (ECF No. 28-1), and orders that the Settlement Agreement be implemented according to its terms and conditions and as directed herein.

7.  The Court also approves the Notice to Potential Opt-In Plaintiffs (ECF No. 28-3) and Opt-In Consent Form (ECF No. 28-4).  In addition, the notice protocols described in Section 5 of the Agreement of Settlement and Release (ECF No. 28-1 at PageID #: 150) are approved.  *See* Fed. R. Civ. P. 83(b); 29 U.S.C. § 216(b).  Notice shall be sent to the more than 1,000 "Potential Opt- Ins" as defined in ECF No. 28-1 at PageID #: 148  "all individuals who formerly or currently work for Incept Corporation under the job title 'conversational marketing expert,' or their equivalent, at Incept Corporation's 4150 Belden Village St. NW, #205 location during any workweek from February 25, 2017 to February 25, 2020"  pursuant to the protocols outlined in the Agreement of Settlement and Release.

8.  Potential Opt-Ins desiring to include themselves in the settlement must do so in writing or by completing the Opt-In Consent Form (ECF No. 28-4) sent by the Administrator. Completed Consent Forms must be returned to the Administrator pursuant to the instructions in ECF No. 28-4 and must be postmarked within 45 calendar days after the notice to Potential Opt-Ins initial mailing date by the Administrator.  All timely executed Consent Forms from eligible Opt-In Plaintiff settlement participants must be filed by Plaintiffs' Counsel with the Court within seven (7) calendar days after the consent period is completed.

9.  The Court finds that the total settlement amount of $232,500, the Net Settlement Fund amount of $130,167.75, as well as the distribution methodology, which will determine each

3

(5:20CV0436)

Opt-In Plaintiff's Settlement Share and Settlement Percentage as described in ECF No. 28-1 at PageID #: 149, are fair and reasonable.  The Court orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in ECF No. 28-1.

10.  The Court approves Settlement Services, Inc. (2032-D Thomasville Road, Tallahassee, FL 32308) to serve as Settlement Administrator.  The Court approves the amount of the costs of administration (not to exceed $19,840 from the gross settlement amount) to be paid to the Administrator, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth at Section 13 of the Agreement of Settlement and Release (ECF No. 28-1 at PageID #: 153).

11.  The Court approves all requested payments to Plaintiff's Counsel for attorneys' fees and expense reimbursements ($77,492.25) and Representative Plaintiff Stephen Rankin ($5,000) as reasonable, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Agreement of Settlement and Release (ECF No. 28-1).

12.  The Court dismisses Plaintiff's Class and Collective Action (ECF No. 1) and all claims of Plaintiff Stephen Rankin and Opt-In Plaintiffs with prejudice in their entirety and, except for as provided in the Agreement of Settlement and Release (ECF No. 28-1), each party shall bear its own costs, including attorneys' fees.

13.  The Court, finding there is no just reason for delay, hereby enters final judgment and directs the Clerk of the Court to immediately enter the within Judgment Entry.

4

(5:20CV0436)

14.  The Court retains jurisdiction over the case at bar to enforce the terms of the

Agreement of Settlement and Release (ECF No. 28-1) and to resolve any and all disputes

thereunder.

15.  The parties' Joint Motion for Status Conference (ECF No. 29) is denied as moot.


IT IS SO ORDERED.


 February 26, 2021                            /s/ Benita Y. Pearson
Date                                     Benita Y. Pearson
                                         United States District Judge

5